**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CCA FINANCIAL LLC, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: ELH-12-3724 |
| CAMBRIDGE HOUSING AUTHORITY LLC, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses the Complaint for Confessed Judgment filed by Plaintiff CCA Financial LLC ("CCA") against Defendants Cambridge Housing Authority, LLC ("Cambridge") and James B. Chaney, Jr. (collectively "Defendants"), ECF No. 1.[1] For the reasons stated herein, I order that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff seeking entry of a confessed judgment file a complaint, accompanied by:

1. the written instrument that

    (a) authorizes the confessed judgment; and

    (b) entitles the plaintiff to a claim for liquidated damages;

2. an affidavit of the plaintiff or someone on behalf of the plaintiff, stating:

    (a) the circumstances under which the defendant executed the written

    instrument;

    (b) the age and education of the defendant, if known;

---

[1] This case has been referred to me for disposition in accordance with Local Rule 301(6)(ak).

   (c) the amount due under the written instrument; and

   (d) the defendant's post office address (including the street address if needed to effect mail delivery).

The Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:

  1. the defendant's voluntary, knowing, and intelligent waiver of:

   (a) the right to notice; and

   (b) a prejudgment hearing on the merits of the plaintiff's liquidated damages claim; and

  2. the plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Plaintiff attached to its Complaint several documents constituting "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Specifically, with respect to Cambridge, Plaintiff attached a Promissory Note dated March 30, 2012 ("Promissory Note"). ECF No. 1-3. With respect to Mr. Chaney, Plaintiff attached a Commercial Guaranty also dated March 30, 2012. ("Guaranty"). ECF No. 1-4. CCA acquired the loan from the FDIC on October 5, 2012. ECF No. 1-6.

Also attached to Plaintiff's Complaint is the Affidavit of John S. Crowley, Vice President of CCA. Crowley Aff. ¶ 1, ECF No. 1-8. Although it does not provide many details regarding the circumstances under which the documents were signed or the education and age of the signers, due to the acquisition of the loan after execution, the Affidavit states that Mr. Chaney executed the Promissory Note and the Guaranty on March 30, 2012. Crowley Aff. ¶ 7.

The Affidavit states that, as of December 11, 2012, the remaining balance on the Promissory Note was $78,552.12, plus seven days' interest in the amount of $90.39.[2] Crowley Aff. ¶ 8. An Amended Declaration of Jan I. Berlage, attorney of record for CCA, states that, as of December 26, 2012, attorney's fees and expenses totaled $1,828.50. ECF No. 15. Additionally, the Crowley Affidavit provides a mailing address for the Defendants. Crowley Aff. ¶ 12. Thus, the Complaint and its accompanying documents substantively meet the requirements of Local Rule 108.1.a.

The Promissory Note and the Guaranty expressly authorize confessed judgment without prior hearing, although they do not state verbatim that Defendants voluntarily, knowingly, and intelligently waive their rights to notice and a prejudgment hearing. ECF Nos. 1-3, 1-4. The confessed judgment provision appears in capital letters in each document. *Id.* Thus, having reviewed the Complaint, Affidavit, and Exhibits, I find that these documents make a *prima facie* showing that Defendants voluntarily, knowingly, and intelligently waived their right to notice and a prejudgment hearing, and that Plaintiff's claim for confessed judgment against Defendants is meritorious. *See* Loc. R. 108.1.b. Therefore, I direct the Clerk to enter the confessed judgment against the Defendants, jointly and severally, in the amount of $80,574.57, which includes the remaining balance of $78,552.12, interest in the amount of $193.95, and attorneys' fees and costs in the amount of $1,828.50. I further direct the Clerk to ensure that notice of this entry is provided to both Defendants at 5665 Federalsburg Highway, Federalsburg, Maryland, 21632-2213.

Dated: January 16, 2013                                         /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge

---

[2] Fifteen days' interest is calculated at $193.95, which is the sum sought in the confessed judgment order.